

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 5, 2021**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **BANKRUPTCY NO.** |
| | § | |
| **RANDALL VERNON KEYLOR** | § | **19-44296-ELM-7** |
| | § | |
| **DEBTOR** | § | **CHAPTER 7** |

| | | |
|---|---|---|
| **WILLIAM NEARY, U.S. TRUSTEE** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | **ADVERSARY PROC. NO.** |
| **v.** | § | |
| | § | **20-4050-ELM** |
| **RANDALL VERNON KEYLOR** | § | |
| | § | |
| **DEFENDANT** | § | |

## FIRST AMENDED JOINT PRETRIAL ORDER

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 1

TO THE HONORABLE EDWARD L. MORRIS,
        UNITED STATES BANKRUPTCY JUDGE:

Plaintiff William T. Neary ("Plaintiff") and Defendant Randall Vernon Keylor ("Mr. Keylor" or "Defendant"), present this First Amended Joint Pretrial Order to the Court.  The parties respectfully show the Court the following:

## A. Parties

1. Plaintiff, William T. Neary, is the United States Trustee for Region 6. The United States Trustee's Office is in Room 976, at 1100 Commerce Street, Dallas, Texas 75242.

2. Defendant, Randall Vernon Keylor, is an individual and the debtor in the underlying Chapter 7 Case. Mr. Keylor resides at 2420 Henry Parkway, Flower Mound, Texas 75022.

## B.     Counsel for the Parties

| For Plaintiff William T. Neary, United States Trustee for Region 6 | Erin Marie Schmidt, Trial Attorney<br>Texas State Bar No. 24033042<br>Office of the United States Trustee<br>1100 Commerce St.  Room 976<br>Dallas, Texas 75242<br>(214) 767-1075<br>Erin.Schmidt2@usdoj.gov |
|---|---|
| For Defendant Randall Vernon Keylor | Mark French<br>State Bar No. 07440600<br>Law Office of Mark B. French<br>1901 Central Drive, Suite 704<br>Bedford, Texas 76021<br>Telephone: (817) 268-0505<br>Facsimile: (817) 796-1396<br>Email: mark@markfrenchlaw.com |

**C.    Statement of Jurisdiction**

This Court has jurisdiction over the parties and the claims asserted in this proceeding under 28 U.S.C. §1334.   This is a core proceeding under 28 U.S.C. § 157 (b)(2)(J).   Venue is proper in this District under 28 U.S.C. § 1409(a).

**D.    Nature of Action**

This proceeding is an objection to the Debtors' discharge under Sections 727(a)(4)(A) of the United States Bankruptcy Code (11 U.S.C. §§101, *et seq.* the "Bankruptcy Code").

**E.    Position Statements:**

**1.    United States Trustee**

**<u>Discharge Should be Denied under 11 U.S.C. § 727(a)(4)(A) for False Oath</u>**

1.    Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case…made a false oath or account."  11 U.S.C. § 727(a)(4)(A).

2.    Mr. Keylor's Schedules and Original and Amended Statement of Financial Affairs ("SOFA") filed in the Present Case contain sufficient errors and omissions as to constitute a false oath and/or account under 11 U.S.C. § 727(a)(4)(A).

3.    Mr. Keylor made false statements under oath in connection with his original and amended Schedules, and SOFAs.

4.    Mr. Keylor knew these statements were false.

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

5.      Mr. Keylor signed his Original and amended schedules and SOFA under penalty of perjury. He has an independent duty to review these schedules and SOFA before signing the.

6.      Fraudulent intent may be shown by a reckless disregard for the truth. *Sholdra v. Chilmark, LLP, (In Re: Sholdra)*, 249 F.3d 380, 383 (5th Cir. 2001).

7.      Mr. Keylor's false statements include but are not limited to:

   a.      Failure to disclose his business interests on his original Schedule A/B and on his original SOFA 37;

   b.      Failure to accurately disclose his prior income, including proceeds from the sale of property held by Buckeye Capital Management, LLC, on his original and Amended SOFA's;

   c.      Failure to accurately disclose the value of both integrated Alliance, LP and Buckeye Capital Management, LLC, on his original and amended Schedule A/B; and

   d.      Failure to disclose his ownership in a 2016 Porche Cayman, 2016 BMW 528i, and a 2017 Audi Q7.

8.      These false statements and omissions were material.

## 2.      Randy Keylor

**There is no denying that the documents filed by Randy Keylor's prior Counsel were poorly done.**   Mr. Keylor undoubtedly bears some responsibility for the schedules being incomplete.  However, that responsibility does not rise to the level of costing him discharge.

Randy Keylor was a self-made man.  After graduating high school and gaining work experience in the call center business, Mr. Keylor started his own business that ultimately evolved

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 4

into Integrated Alliance, LLC.    Through Integrated Alliance, Mr. Keylor provided call center services to the Cable Television industry, primarily Spectrum/Charter Communications.

For years, Mr. Keylor relied on the advice and counsel of his longtime Attorney, Randy Taub ("Mr. Taub"). Mr. Taub was integral to the existence and continued operation of Integrated Alliance from structuring the entity, managing potential litigation issues, and handling day to day legal matters. Prior to 2005, Mr. Taub was an active bankruptcy practitioner. Thereafter, Mr. Taub refocused his legal practice more heavily on business and transactional matters, only filing a single consumer bankruptcy case in the Northern District in the 5 years before he filed Mr. Keylor's Case.

Several years before this Case was filed, due to competitive pressure in the market and the loss of professional relationships at Spectrum/Charter, Integrated Alliance's business began to rapidly decline.    As Mr. Keylor worked harder and harder to try to save Integrated Alliance, he became distraught and depressed.    One of the issues Mr. Keylor faced was that, like many failing small businesses, Integrated Alliance had substantial tax liability for which Mr. Keylor was responsible.    Aware of the distress Mr. Keylor and his business was under, Mr. Taub suggested that Mr. Keylor file a personal bankruptcy case to get an advantage regarding his tax issues. Having no reason to question his long-time counsel, Mr. Keylor followed Mr. Taub's professional legal advice and trusted him to prepare the paperwork for the Bankruptcy Court.

Given the despairing state he was in at the time, Mr. Keylor did not spend an adequate amount of time on the initial schedules.    While he may have thought it reasonable at the time, Mr. Keylor's heavy reliance on Mr. Taub for bankruptcy services was ultimately to his detriment. The combination of misguidance and inattentiveness has caused Mr. Keylor to lose, to date, upwards

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

of eighty thousand dollars' worth of assets to his Chapter 7 Trustee, and he now faces the
possibility of not getting a discharge.

### F.    Stipulated Facts

1.       On October 20, 2019, Randall Keylor filed a voluntary chapter 7 petition in the United

States Bankruptcy Court for the Northern District of Texas, commencing case no. 19-44296-

ELM-7 ("Petition Date").

2.       Mr. Keylor is a 67-year-old man with a high school education.

3.       Mr. Keylor is married to Paula Keylor, who did not file for bankruptcy with her husband.

4.       Mr. Keylor and his wife have two sons, aged 20 and 17 as of the petition date.

5.       In 1984, Mr. Keylor became self-employed in the call center industry.

6.       Mr. Keylor's original Counsel, Randy Taub filed the following bankruptcy cases in the

Northern & Eastern Districts of Texas in the five years prior to filing Mr. Keylor's Case:

| Northern District | Eastern District |
|---|---|
| 2015 – None | 2015 – None |
| 2016 – None | 2016 – None |
| 2017 – None | 2017 – None |
| 2018 – 1 Case | 2018 – None |
| 2019 – None other than Mr. Keylor's Case | 2019 – None |

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 6

7.      Marilyn Garner is the chapter 7 trustee.

8.      Mr. Keylor indicated on the petition that his debts are mostly business debts.

9.      Mr. Keylor attended his § 341 meeting on December 18, 2019, where he testified under

oath.

10.      At his December 18, 2019 §341 Meeting, Mr. Keylor testified that he reviewed    his

Schedules and Statement of Financial Affairs before signing them.

11.      Mr. Keylor has produced over 1,500 pages of documents to the United States Trustee.

12.      Mr. Keylor has produced around 500 pages of documents to the Chapter 7 Trustee.

**Mr. Keylor's Schedules and Statement of Financial Affairs**

13.      Mr.  Keylor's bankruptcy case was dismissed on November 20, 2019 for failing to file the

required paperwork.  The bankruptcy case was subsequently reinstated.

14.      The Court extended Mr. Keylor's deadline for filing his schedules and statement of

financial affairs ("SOFA").

15.      Mr. Keylor filed his original statement of financial affairs ("Original SOFA") on November

4, 2019.  [docket no. 15].

16.      On December 10, 2019, Mr. Keylor filed his first amended SOFA ("First  Amended

SOFA)." [docket no. 26].

17.      On July 17, 2020, with Mark French as his Counsel, Mr. Keylor filed his second amended

SOFA ("Second Amended SOFA"). [docket no. 63].

18.      On January 24, 2020, Mr. Keylor filed a "Second Declaration of Amendment to Debtor's

Statement of Financial Affairs" ("January 24, 2020 SOFA Declaration"). [docket no. 35].

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 7

19.     On November 19, 2019, Mr. Keylor filed his original schedules ("Original Schedules").
[docket no. 19].

20.     On December 13, 2019, Mr. Keylor his first amended Schedule A/B ("First Amended
Schedule A/B"). [docket no. 29].

21.     On January 24, 2020, Mr. Keylor filed his second amended Schedule A/B ("Second
Amended Schedule A/B"). [docket no. 36].

22.     On January 31, 2020, Mr. Keylor filed a third amended Schedule A/B ("Third Amended
Schedule A/B"). [docket no. 41].

23.     Third Amended Schedule A/B appears identical to Second Amended Schedule A/B.

24.     On July 17, 2020, with Mark French as his Counsel, Mr. Keylor filed a fourth amended
Schedule A/B. ("Fourth Amended Schedule A/B"). [docket no. 63].

25.     Mr. Keylor signed his original and amended schedules under penalty of perjury.

26.     Mr. Keylor signed his original and amended SOFAs under penalty of perjury.

**Mr. Keylor's assets and liabilities**

27.     Mr. Keylor disclosed real property valued at $877,435.00 and personal property valued at
$329,498.00 on Original Schedule A/B.

28.     Mr. Keylor averred he owned real property consisting of a homestead valued at
$1,639,871.00 and two Four Seasons timeshares, each valued at $55,000.00 and $60,000.00 on
Original Schedule A/B.

29.     Mr. Keylor averred $506,273.00 in secured claims; $523,807.00 in priority unsecured
claims; and $3,715,802.00 in general unsecured claims on Original Schedules D and E/F.

**Businesses**

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

30.    Mr. Keylor averred on Original Schedule I that he was not employed and earns no income.

31.    Mr. Keylor checked "no" in response to Original Schedule A/B question 37, which asks,

"[d]o you own or have any legal or equitable interests in any business-related property?"

32.    Mr. Keylor disclosed the following in response to original SOFA 27, which asks, "[w]ithin

4 years before you filed for bankruptcy, did you own a business or have any of the [enumerated

list of following connections] to any business?"

| Blue Sky Communication Svcs | Describe the nature of the business | Employer Identification number |
| Business Name | | Do not include Social Security number or ITIN. |
| 2130 Lakeridge Drive | Corporate general partner of Integrated Alliance, LP that runs a call center | EIN: 32-0389628 |
| Number  Street | Name of accountant or bookkeeper | Dates business existed |
| | April Cain, CPA | |
| Grapevine  TX  76051 | | From 04/19/2012 To present |
| City  State  ZIP Code | | |

33.    Mr. Keylor listed the following co-debtors on Original Schedule H:

     a.  Wife Paula Keylor;

     b.  Buckeye Capital Investments, LLC;

     c.  Buckeye Capital Management, LLC; and

     d.  Integrated Alliance, LP.

34.    Mr. Keylor averred that all four co-debtors live at 2130 Lakeridge Drive, Grapevine, Texas

on Original Schedule H.

35.    On December 13, 2019, Mr. Keylor amended Schedule A/B question 19 to disclose to

disclose his 100% ownership of GPK Capital Management, LLC, which he averred did "not own

any tangible physical assets; and the current fair market value of such company is unknown.".

First Amended Schedule A/B.

36.    On January 24, 2020, Mr. Keylor amended Schedule A/B question 19 as follows:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

| ☐ No<br>☑ Yes. Give specific information about them.................... | Name of entity: | % of ownership: | |
|---|---|---|---|
| | GPK Capital Management, LLC | 100% % | $ |
| | Source One Capitalization Group, Inc. | 100% % | $ |
| | Blue Sky Communication Services, Inc. | 100% % | $ |

Second Amended Schedule A/B.

37.　　On January 24, 2020, Mr. Keylor corrected SOFA 27 to disclose a 100% membership interest in GPK Capital Management, LLC and 100% ownership of Blue Sky Communication Services, Inc., which is a general partner of Integrated Alliance, LP.  January 24, 2020 SOFA Declaration.

38.　　On its 2019 federal income tax return, Integrated Alliance, LP's designated partnership representative ("PR") is Source One Capitalization Group, Inc, with Mr. Keylor as the "designated individual for the PR."

39.　　Mr. Keylor began doing business through an entity that became Integrated Alliance, LP, of which he was the indirect sole owner.

40.　　Integrated Alliance was in the business of operating a call center for cable companies.

41.　　Integrated Alliance, LP grossed $1,682,625.00 in 2018.

42.　　Per its federal income tax return, in 2019, Integrated Alliance, LP reported gross income of $931,981.00 and expenses of $1,050,166.00, resulting in a $931,981.00 loss.

43.　　Mr. Keylor answered "yes" to Question 18 on his amended Statement of Financial
　　　　Affairs (DN 65).

44.　　On his Amended Schedule A/B filed on July 17, 2020, Mr. Keylor disclosed ownership interests in: GPK Capital Management, LLC, Source One Capitalization Group, Inc., Blue Sky

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor,* Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor),* Adv. Proc. 20-4050-ELM

Page 10

Communication Services, Inc, Integrated Alliance, LP, Buckeye Capital Management, LLC and Buckeye Capital Investments, LLC.

45.     Integrated Alliance's primary customer was Comcast Corporation.

46.     Integrated Alliance began to struggle because of both an unsuccessful effort to open a second call center and a loss of relationships with decision makers at Comcast Corporation.

47.     Mr. Keylor spent more than five years trying to save Integrated Alliance.

48.     Integrated Alliance incurred substantial 941 IRS tax liabilities.

49.     Mr. Keylor's IRS tax liabilities are related to Integrated Alliance's tax liabilities.

50.     Mr. Keylor wound down Integrated Alliance's business in 2019.

51.     Integrated Alliance was completely shut down by first quarter 2020.

52.     Mr. Keylor experienced great stress and became distraught because of his long unsuccessful struggle to save Integrated Alliance, LP, and became depressed as a result.

### Vehicles

53.     Mr. Keylor checked "no" in response to Original Schedule A/B question 3, which asks debtors to disclose their "[c]ars, vans, trucks, tractors, sport utility vehicles, motorcycles."

54.     Mr. Keylor answered "no" in response to original SOFA 23, which asks, "[d]o you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone."

55.     Mr. Keylor did not disclose any vehicle insurance or car payments on Original Schedule J.

56.     As of October 18, 2019, Mr. Keylor and his wife insured the following vehicles through Allstate:

    a.   2011 Toyota Truck, VIN 5TFUW5F12BX198068

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

    b.  2016 Ford Fusion, VIN 3FA6P0H99GR365608

    c.  2016 Porsche Cayman, VIN WP0AB2A83GK186520

    d.  2016 BMW 528i, VIN WBA5A5C52GD528646

    e.  2017 Audi Q7, VIN WA1LAAF74HD031223

57.    The 2011 Toyota Truck is owned by one of Mr. Keylor's sons.

58.    Mr. Keylor's other son drives the 2016 Ford Fusion.

59.    Mr. Keylor does not own the Ford Fusion, but he and his wife make monthly payments on it.

60.    On or about October 8, 2016, Mr. Keylor, both in his capacity as president of Buckeye Capital Management as "buyer" and his personal capacity as "co-buyer," signed a "Motor Vehicle Retail Installment Sales Contract" purchasing a new 2016 Porsche Cayman with VIN WP0AB2A83GK186520.

61.    The 2016 Porsche cost $99,491.80, with $40,000.00 of this purchase financed at 3.25% over 60 months with a $991.53 monthly payment beginning November 22, 2016.

62.    In 2020, after the Petition Date, Mr. Keylor either sold or surrendered the 2016 Porsche.

63.    On or about November 30, 2016, Mr. Keylor, both in his capacity as "managing member" of Buckeye Capital Investments, Inc. as "buyer" and in his personal capacity as "co-buyer," purchased a new 2017 Audi Q7, VIN WA1LAAF74HD031223.

64.    The 2017 Audi Q7 cost $70,201.50; after being credited $2,000.00 on a trade in, the remaining purchase was financed for 63 months at $1,285.44 per month beginning January 14, 2017.

65.    Mr. Keylor continues to use the 2017 Audi Q7.

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor,* Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor),* Adv. Proc. 20-4050-ELM

66.    On or about January 28, 2017, Buckeye Capital Investments, LLC, and Mr. Keylor purchased a 2016 BMW 4D, VIN WBA5A5C52GD528646.

67.    The purchase was financed by BMW Bank of North America and Mr. Keylor was a co-obligor on the note to BMW Bank of North America.

68.    Mr. Keylor disclosed a $36,161.00 claim owed to BMW Bank of America on his original Schedule E/F.

69.    Mr. Keylor's wife Paula Keylor was the primary driver for the 2016 BMW.

70.    The 2016 BMW was repossessed in 2020, after the Petition Date.

**Mr. Keylor's Income**

71.    Mr. Keylor averred that he grossed following income on SOFA 4:

| | | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|---|
| | | Sources of Income<br>Check all that apply. | Gross Income<br>(before deductions and exclusions) | Sources of Income<br>Check all that apply. | Gross Income<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | | ☐ Wages, commissions, bonuses, tips<br>☑ Operating a business | $ 61,626 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |
| For last calendar year:<br>(January 1 to December 31, 2018)<br>YYYY | | ☐ Wages, commissions, bonuses, tips<br>☑ Operating a business | $ 82,168 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |
| For the calendar year before that:<br>(January 1 to December 31, 2017)<br>YYYY | | ☐ Wages, commissions, bonuses, tips<br>☑ Operating a business | $ (25,000) | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |

[docket no. 15].

72.    According to the 2019 federal income tax returns filed by Mr. Keylor and his non-filing spouse, the couple collected $185,686.00 in rents for two properties:

a.  6314 Yorktown Blvd., Corpus Christi, Texas 78414 ("6314 Yorktown")

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 13

73.    The sale of 6314 Yorktown was also reported on Mr. Keylor's individual 2019 income tax return:

| Part I | Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft — Most Property Held More Than 1 Year (see instructions) | | | | | | |
|---|---|---|---|---|---|---|---|
| **2** | **(a)** Description of property | **(b)** Date acquired (mo., day, yr.) | **(c)** Date sold (mo., day, yr.) | **(d)** Gross sales price | **(e)** Depreciation allowed or allowable since acquisition | **(f)** Cost or other basis, plus improvements and expense of sale | **(g)** Gain or (loss) Subtract (f) from the sum of (d) and (e) |
| | EDPA 6314 Yorktown Blvd Bldg | 4/18/16 | 5/31/19 | 2,900,000. | 191,541. | 2,504,964. | 586,577. |
| | | | | | | | |
| | | | | | | | |

74.    On May 31, 2019, Buckeye Capital Management, LLC sold 6314 Yorktown for $2.9 million.

75.    Mr. Keylor signed the May 31, 2019 settlement statement on behalf of Buckeye Capital Management, LLC.

76.    All secured lenders with liens against 6314 Yorktown were paid in full with the proceeds of this sale.

77.    According to this settlement statement, Buckeye Capital Management, LLC received $653,156.05 after the payment of lienholders and commissions.

78.    After the 6314 Yorktown sale, Buckeye Capital Management, LLC had no remaining liabilities or non-cash assets.

79.    On July 1, 2018, $500,000.00 was wired into Buckeye Capital Management, LLC's Fidelity Account ending 9495 ("Fidelity 9495").

80.    On July 8, 2018, $60,000.00 was wired into Fidelity 9495.

81.    The $560,000.00 wired into Fidelity 9495 in July 2019 came from the proceeds of the 6314 Yorktown sale.

82.     In July 2019, Buckeye Capital Management, LLC transferred three payments totaling $80,000.00 from Fidelity 9495 into Fidelity Account ending in 6262 ("Fidelity 6262").

83.     Fidelity 6262 is Mr. Keylor's personal bank account.

84.     In the months after the sale of 6314 Yorktown, monies were periodically transferred from Fidelity 9495 to Fidelity 6262.

85.     Mr. Keylor and his wife reported the following sales proceeds on their 2019 federal income tax return:

| 1 | (a)<br>Description of property<br>(Example: 100 shares XYZ Co.) | (b)<br>Date acquired<br>(Mo., day, yr.) | (c)<br>Date sold or<br>disposed of<br>(Mo., day, yr.) | (d)<br>Proceeds<br>(sales price)<br>(see instructions) | (e)<br>Cost or other basis.<br>See the Note below<br>and see Column (e)<br>in the separate<br>instructions | Adjustment, if any, to gain or loss.<br>If you enter an amount in column (g),<br>enter a code in column (f).<br>See the separate instructions. | | (h)<br>Gain or (loss).<br>Subtract column (e)<br>from column (d) and<br>combine the result<br>with column (g) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | (f)<br>Code(s) from<br>instructions | (g)<br>Amount of<br>adjustment | |
| | 500 CBL and Assoc | Various | 12/02/19 | 2,625. | 3,814. | | | -1,189. |
| | 500. Cedar Fair L P Depository | 7/02/19 | 7/18/19 | 25,143. | 23,830. | | | 1,313. |

## Valuation of Mr. Keylor's business interests

86.     Mr. Keylor disclosed the following business interests on Fourth Amended Schedule A/B

19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture

☐ No
☑ Yes. Give specific information about them.........................

| Name of entity: | % of ownership: | |
|---|---|---|
| GPK Capital Management, LLC<br>Texas LLC | 100% | $0.00 |
| Source One Capitalization Group, Inc.<br>Nevada LLC | 100% | $0.00 |
| Blue Sky Communication Services, Inc.<br>Texas LLC | 100% | $0.00 |
| Integrate Alliance, LP | 99% | $0.00 |
| Buckeye Capital Management, LLC<br>Texas LLC | 20% | $0.00 |
| Buckeye Capital Investments, LLC<br>Texas LLC | 20% | $0.00 |

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor,* Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor),* Adv. Proc. 20-4050-ELM

87.    As of October 31, 2019, which was 11 days after the Petition Date, Buckeye Capital Management, LLC had a $414,527.41 balance in Fidelity 9495.

88.    Buckeye Capital Management, LLC did not have any outstanding liabilities or assets as of the Petition Date.

89.    As of October 31, 2019, which was 11 days after the Petition Date, GPK Capital Management, LLC had $2,177.30 in Fidelity account ending in 1395.

**Mr. Keylor's bankruptcy counsel**

90.    Mr. Keylor answered "no" in response to original SOFA 16, which asks, "[w]ithin 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?" Original SOFA 16.

91.    Mr. Keylor answered "no" in response to original SOFA 17, which asks, "[w]ithin 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments with your creditors?" Original SOFA 16.

92.    Mr. Keylor was represented by Randy Ford Taub in the filing of his bankruptcy.

93.    Mr. Keylor paid Mr. Taub $7,500.00 before the Petition Date for his services.

94.    In the fall of 2019, Mr. Keylor was advised by Mr. Taub that he should pursue Chapter 7 Bankruptcy relief as a solution to his IRS tax problems and other obligations that Mr. Keylor had incurred because of his unsuccessful struggle to save Integrated Alliance, LP.

95.    Mr. Taub started providing legal services to Mr. Keylor around 2008.

96.    Mr. Taub and Mr. Keylor developed a close relationship over this time.

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

97.     Mr. Taub formed Blue Sky Communication Services, Inc. for Mr. Keylor.

98.     Mr. Taub formed Integrated Alliance, L.P. for Mr. Keylor.

99.     Mr. Taub created the Keylor Family Trust.

100.    Mr. Taub formed GPK Capital Management, LLC for Mr. Keylor.

101.    Mr. Taub formed Source One Capitalization Group, Inc. for Mr. Keylor.

102.    Mr. Taub formed Buckeye Capital Management for Mr. Keylor.

103.    Mr. Taub formed Buckeye Capital Investments for Mr. Keylor.

104.    Randy Taub also represented Mr. Keylor in connection with a lawsuit styled, *Island Peak Group, LLC v. Keylor,* Case No. CC-18-04751-B, County Court at Law No. 2, Dallas County, Texas, in which the court entered an *Agreed Judgment* against Mr. Keylor for $27,732.00 on March 20, 2019.

105.    On July 9, 2020, Mr. Taub moved to withdraw as counsel for Mr. Keylor.

106.    In July of 2020 Mark B. French replaced Mr. Taub as Counsel for Mr. Keylor in this matter.

**The Chapter 7 Trustee**

107.    Mr. Keylor turned over approximately $24,000 to the Chapter 7 Trustee from a    non-exempt account at Fidelity.

108.    Mr. Keylor has turned over three timeshare interests to the Chapter 7 Trustee.

109.    The Chapter 7 Trustee has sold Mr. Keylor's three timeshare interests for  approximately $60,000.

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 17

### CONTESTED ISSUES OF FACT

1.      Whether Mr. Keylor knowingly and fraudulently made false oaths or accounts in connection with this bankruptcy case.

2.      Whether Mr. Keylor made materially false statements or omissions.

3.      Whether Mr. Keylor made false statements or omissions with a reckless disregard for the truth.

4.      Whether Mr. Keylor had an ownership interest in any of the following vehicles as of the Petition Date:

        a.   2016 Ford Fusion, VIN 3FA6P0H99GR365608

        b.   2016 Porsche Cayman, VIN WP0AB2A83GK186520

        c.   2016 BMW 528i, VIN WBA5A5C52GD528646

        d.   2017 Audi Q7, VIN WA1LAAF74HD031223

5.      Whether Mr. Keylor made a false oath in connection with the zero value of Buckeye Capital Management, LLC on Fourth Amended Schedule A/B.

6.      Whether Mr. Keylor made a false oath in connection with the zero value of GPK Management on Fourth Amended Schedule A/B.

7.      Whether Mr. Keylor satisfactorily explained the disposition of $653,156.05 of sales proceeds after the sale of 6314 Yorktown in the year before the filing of the bankruptcy case.

8.      Whether Mr. Keylor filed for bankruptcy because of business debts that he incurred in connection with the call center business of Integrated Alliance.

9.      Whether Mr. Keylor relied on and trusted the advice of his attorney, Randy Taub.

10.     Whether Mr. Keylor relied on Mr. Taub to advise him with regards to his Bankruptcy Case, including the content of the Schedules and Statement of Financial Affairs.

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

11.     Whether Mr. Keylor used the proceeds from the sale of the Yorktown building to purchase the Keller Springs building, pay living expenses, and buy used vehicles for his kids. The remaining funds went into the Fidelity account that was turned over to the Chapter 7 Trustee.

12.     Whether, since filing this Case, Mr. Keylor has done his best to cooperate with his Chapter 7 Trustee and the United States Trustee.

13.     Whether Mr. Keylor has a substantial IRS Tax liability related to Integrated Alliance.

14.     Whether Mr. Keylor disclosed the Keylor Family Trust in response to Question No. 19 on his Original SOFA. In fact, the Keylor Family Trust was listed only for disclosure purposes. On SOFA Question 19, transfers to a trust are only required to be listed if the transfer is to a trust that has the debtor as a beneficiary. Mr. Keylor is not a beneficiary of the Keylor Family Trust.

15.     Whether Mr. Keylor is the 99% owner of Integrated Alliance, LP.

16.     Whether Mr. Keylor's ownership interest in Integrate Alliance, LP was disclosed in response to Question 19 on Mr. Keylor's original Statement of Financial Affairs.

17.     Whether the $185,686.00 in rental income on Mr. Keylor's 2019 tax return is income of either Buckeye Capital Management, LLC or Buckeye Capital Investments, LLC, even though the income is included on Mr. Keylor's personal tax return.

## AGREED ISSUES OF LAW

1.     A discharge may be denied if "the debtor knowingly and fraudulently, in or in connection with the case…made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

2.     False oaths under § 727(a)(4)(A) include false statements or omissions by the debtor in the debtor's schedules and statement of financial affairs. *Beaubouef v. Beaubouef (In re Beaubouef)*,

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

Page 19

966 F.2d 174, 178 (5th Cir. 1992). *See also The Cadle Company v. Guenthis (In re Guenthis)*, 333 B.R. 759, 766 (Bank. N.D. Tex. 2005).

3.      Fraudulent intent may be shown by a reckless disregard for the truth. *In re Sholdra*, 249 F.3d at 383 (citing *Economy Brick Sales, Inc. v. Gonday (In re Gonday)*, 27 B.R. 428 (Bankr. M.D. La. 1983) for the proposition that the cumulative effect of falsehoods together shows a "pattern of reckless and cavalier disregard for the truth," which supports a finding of fraudulent intent).

4.      The parties agree that the elements of a cause of action under 11 U.S.C. § 727(a)(4)(A) are that: (1) the debtor made a statement under oath, (2) the statement was false, (3) the debtor knew that the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case.

5.      The parties agree that the standard of proof to be applied at trial is a preponderance of evidence standard. *In re Chastant,* 873 F.2d 89, 90 (5th Cir. 1989).

## CONTESTED ISSUES OF LAW

1.      Whether Mr. Keylor's reliance on Mr. Taub's advice and prior services are defenses against false oath under 11 U.S.C. § 727(a)(4)(A).

2.      Whether Mr. Keylor knowingly and fraudulently make a false oath or account pursuant to 11 U.S.C. § 727(a)(4)(a).

3.      Whether Mr. Keylor had the requisite fraudulent intent to make false statements under oath.

4.      Whether Mr. Keylor's false oaths are material to his bankruptcy case.

5.      Whether the numerous omissions and inaccuracies on Mr. Keylor's schedules and SOFA constitute reckless disregard for the truth.

6.      Whether disclosure of three businesses on original Schedule H as "co-debtors" constitutes adequate disclosure of business ownership interests on original Schedule A/B or original SOFA 27 for purposes of defeating a false oath claim under 11 U.S.C. § 727(a)(4)(A).

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

7.      Whether the United States Trustee has met the burden of proof to show that Mr. Keylor

had the intent to knowingly and fraudulently make a false oath or account pursuant to 11 U.S.C. §

727(a)(4)(A).


## ESTIMATED LENGTH OF TRIAL

The length of the trial is estimated to be one day.


## ADDITIONAL MATTERS

This Proposed Pre-Trial Order is subject to subsequent amendment.


DATED: May 4, 2021


                                        Respectfully submitted.


                                        */s/ Erin Marie Schmidt*
                                        Erin Marie Schmidt
                                        Attorney for United States Trustee
                                        Texas State Bar No. 24033042
                                        Office of the United States Trustee
                                        1100 Commerce St. Room 976
                                        Dallas, Texas 75242
                                        (214) 767-1075
                                        Erin.Schmidt2@usdoj.gov


First Amended Joint Pretrial Order
*In re Randall Vernon Keylor*, Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor)*, Adv. Proc. 20-4050-ELM

By:    */s/Mark B. French* (with permission by EMS)
Mark B. French
State Bar No. 07440600

MEGAN E. MCINTYRE
State Bar No. 24108303

Law Office of Mark B. French
1901 Central Drive, Suite 704
Bedford, Texas 76021
(817) 268-0505 metro
(817) 796-1396 fax
mark@markfrenchlaw.com (email)

ATTORNEYS FOR RANDALL KEYLOR

First Amended Joint Pretrial Order
*In re Randall Vernon Keylor,* Case No. 19-44296-ELM-7
*William T. Neary, United States Trustee for Region 6 v. Randall Vernon Keylor (In re Keylor),* Adv. Proc. 20-4050-ELM

Page 22